UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD ONYEKWERE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-2557-B |
| | § | |
| BANK OF AMERICA, N.A., | § | Judge Jane J. Boyle |
| Individually and On Behalf of the | § | |
| Fannie Mae Remic Trust 2007-W10, | § | |
| and CARL NEINDORFF, | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM ORDER AND OPINION</u>

Before the Court is Defendant Bank of America's Motion for Judgment on the Pleadings

(doc. 4), filed July 8, 2013, and Defendant Carl Neindorff's Motion to Dismiss (doc. 6), filed July 9,

2013. For the reasons stated below, both Defendants' Motions are **GRANTED**.

**I.**

**BACKGROUND**[1]

Plaintiff Reginald Onyekwere is in possession of real property located at 12375 Abrams Road

#823 Dallas, Texas 75243 ("the Property"). Doc. 1, Orig. Pet. Ex. B-1 ¶ 9. Onyekwere's dispute with

Defendants arises out of a non-judicial foreclosure sale of the Property conducted on April 2, 2013,

by Carl Neindorff. *Id.* ¶¶ 9-21.

---

[1] The Court draws its factual account from the allegations contained in Onyekwere's Original Petition. Onyekwere's factual allegations are viewed in the most favorable light and are undisputed unless otherwise noted. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a motion to dismiss pursuant to Rule 12(b)(6), "all facts pleaded in the complaint must be taken as true").

- 1 -

On or about August 31, 1998, Onyekwere purchased the Property, for which he executed a promissory note in the sum of $40,740.00 and a deed of trust to secure payment, both in favor of American Investment Mortgage, Inc. *Id.* ¶ 10. Sometime later, Defendant Bank of America, N.A., (BOA) became the servicer of Onyekwere's loan and began to collect payments. *Id.* ¶ 12. In 2011, Onyekwere experienced financial difficulties and was unable to continue to his scheduled mortgage payments. *Id.* ¶ 13. Thereafter, BOA conducted a foreclosure sale, appointing Carl Neindorff as Substitute Trustee to conduct the sale. *Id.* ¶¶ 14-15.

On June 5, 2013, Onyekwere initiated a civil action in the 68th Judicial District Court of Dallas County, Texas, seeking a declaratory judgment to set aside the foreclosure sale and injunctive relief to prevent any further eviction proceedings. *Id.* Defendants timely removed to federal court on the basis of diversity. Doc. 1, Notice of Removal 2. BOA then filed the instant Motion for Judgment on the Pleadings and Neindorff subsequently filed his Motion to Dismiss. Docs. 5, Def.'s Mtn. J. Pleadings 6; 7, Def.'s Mtn. Dismiss 2-3.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 12(c) states that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." A ruling on a motion for judgment on the pleadings pursuant to Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.,*

512 F.3d 177, 180 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

To prevail on a motion to dismiss, a defendant must show that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Tuchmann v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994). When considering a Rule 12(b)(6) motion, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000)). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). In order to survive such a motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for a sheer possibility that a defendant has acted unlawfully." *Id.* at 679 (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.

## ANALYSIS

A.      *Motion to Dismiss Carl Neindorff*

As a threshold matter, the Court must first determine whether Defendant Carl Neindorff has been properly joined as a party to this action. In doing so, the Court will also decide Neindorff's Motion to Dismiss.

Although the citizenship of the parties has not been brought into contention through a motion to remand, it is clear from the face of the Notice of Removal that the parties are not completely diverse. Individuals are citizens of the states in which they are domiciled. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). The citizenship of the trustee of a trust governs when determining citizenship for diversity purposes. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980); *Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 651 (S.D. Tex. 2003). Onyekwere is domiciled in Texas and is therefore a citizen of Texas. Doc. 1, Notice of Removal 2-3. BOA is the trustee of the Fannie Mae Remic Trust 2007-W10 and a national banking association with its main office in North Carolina, and is therefore a citizen of North Carolina. *Id.* at 3. Neindorff is domiciled in Texas, and is therefore also a citizen of Texas. *Id.* Neindorff maintains, however, that Neindorff is improperly joined in this action, and that his citizenship should therefore be disregarded when determining diversity. *Id.* at 3-5.

The standard for determining improper joinder is very similar to the standard that the Court applies in deciding a motion to dismiss. One of the methods for showing improper joinder, and the only relevant method here, is by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d

568, 573 (5th Cir. 2004) (en banc). A defendant only meets his burden under this standard by establishing that there is no possibility that the plaintiff may recover against the resident defendants under applicable law. *Id.* "If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no [improper] joinder." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (internal quotations omitted). In other words, "if there is even a possibility that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find the joinder was proper and remand the case to the state court." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). In making its determination of whether the plaintiff is able to establish a cause of action against the non-diverse party in state court, the district court should analyze the allegations in the complaint with a Rule 12(b)(6)-type analysis, looking initially at the allegations in the complaint to determine whether they state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Thus, because the determination of whether Neindorff is properly joined necessarily involves a determination of whether Onyekwere has made out a claim for relief against Neindorff under state law, the Court may concurrently determine whether Neindorff was properly joined and rule on Neindorff's Motion to Dismiss.

Neindorff argues that Onyekwere fails to state a claim against him because Onyekwere sues him solely in his capacity as Substitute Trustee, which is prohibited by Texas Property Code § 51.007(f). Doc. 7, Def.'s Br. 3. Onyekwere simply restates the allegations he levels against Neindorff in his petition, insisting that they are sufficient to state a claim against Neindorff. Doc. 14, Pl.'s Resp. 1-2.

Courts have found that trustee defendants are not properly joined unless plaintiffs have

alleged an individual cause of action against the trustee defendant. *See Buggs v. GMAC Mortg., LLC,* No. 4:11-CV-641, 2012 WL 609401, at *5 (E.D. Tex. Jan. 19, 2012) (holding that substitute trustees were not necessary parties to a suit when they were sued solely in their capacities as trustees and when plaintiff had "not alleged any claims against [them] independent of those for which no recovery is allowed under 51.007, and Texas law."); *Clark v. Bank of America, NA,* No. 3:12-CV-1277-N-BK, 2012 WL 4793465, at *3 (N.D. Tex. Aug. 1, 2012) (citing *Buggs,* 2012 WL 609401, at *3) (dismissing substitute trustee defendants because the plaintiffs did not allege any claims against them "individually or independent of those for which no recovery is allowed under 51.007" and because there was no other factual basis alleged for which plaintiffs could sue the defendants). Additionally, under the Texas Property Code, a substitute trustee "shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." Tex. Prop. Code Ann. § 51.007(f).

        In this case, Onyekwere only levels allegations against Neindorff in his capacity as Substitute Trustee. Onyekwere merely alleges that Neindorff "was appointed Substitute Trustee under the Deed of Trust, with the power of sale of the Property" and that Neindorff  conducted a non-judicial foreclosure sale of the property. Doc. 1, Orig. Pet. Ex. B-1 ¶¶ 15-16. Onyekwere further alleges that while Neindorff purported to act as Substitute Trustee, he was not appointed in accordance with the Deed of Trust and was therefore not authorized to sell the property. *Id.* ¶ 17. Finally, Onyekwere insists that Neindorff "knew or should have known of BOA's scheme to unlawfully deprive Onyekwere of his home." *Id.* Onyekwere offers no additional facts to support his claims that Neindorff was not appointed according to the Deed of Trust or that he was not authorized to make

the sale of the property and he makes no factual allegations to support his claim that Neindorff knew or should have known of BOA's alleged scheme. He additionally offers no allegations to support an independent claim against Neindorff and offers no factual basis for inferring such a claim. Neindorff, by contrast, points out that Onyekwere, in an apparent contradiction, acknowledges in his Petition that Neindorff was appointed under the Deed of Trust. Doc. 1-1, Orig. Pet. Ex. B-1 ¶ 15. Neindorff also asserts that, even if he had no authority to act as he did, he clearly acted with good faith believing he had such authority, and therefore falls within the protections of § 51.007(f). Doc. 7, Def.'s Br. 3. The Court agrees that, based on the pleadings presented here, Onyekwere has failed to allege any grounds for recovery against Neindorff independent of those for which no recovery is allowed under Texas law. *Clark*, 2012 WL 4793465, at \*3; *Buggs*, 2012 WL 609401, at \*5.

The Court therefore finds that Onyekwere has failed to state a claim against Neindorff. Neindorff was improperly joined to this action and his citizenship should therefore be disregarded for purposes of diversity. Furthermore, because Onyekwere fails to state a claim against Neindorff, the Court also finds that Neindorff's Motion to Dismiss should be **GRANTED**. Because the remaining parties to this action are completely diverse, the Court has subject-matter jurisdiction over this matter and proceeds to a consideration of BOA's Motion for Judgment on the Pleadings.

B.      *Motion for Judgment on the Pleadings*

BOA also moves for judgment on the pleadings on the premise that Onyekwere has failed to state a claim upon which relief may be granted. Doc. 5, Def.'s Br. 2-3. BOA argues specifically that judgment on the pleadings is appropriate on the grounds that (1) Onyekwere has no standing to challenge the assignment of the note from American Mortgage to Bank of America, (2) Onyekwere's claims that BOA lacked authority to foreclose are conclusory and speculative such that the burden

does not shift to BOA to prove that it had proper authority to foreclose, and (3) Onyekwere has not
pled sufficient facts to make out his suit to quiet title and trespass to try title claims. Doc. 5, Def.'s
Br. 4-10.

Onyekwere responds to each of these arguments, asserting that (1) he does have standing to
challenge the purported assignment to BOA as void, (2) while a mortgagee is generally not required
to prove ownership of the note or deed to conduct a non-judicial foreclosure, it must answer a lawful
defense to a wrongful foreclosure, and (3) Onyekwere has pled sufficient facts in support of his claim
to superior title in order to remove cloud and quiet title. Doc. 13, Pl.'s Resp. 2-6.

    1.    <u>Standing to Challenge Assignment</u>

BOA first argues that Onyekwere lacks standing to challenge the assignment of the mortgage
to BOA because he was not a party to that assignment. Doc. 15, Def.'s Reply 2. Onyekwere
maintains that he does have standing under Texas law because he maintains that the assignments
of the note and deed of trust are void. Doc. 13, Pl.'s Resp. 2.

An assignment is a contract "between the assignor of a right and an assignee, who receives
the authority to assert that right." *Pagosa Oil & Gas, LLC v. Marrs & Smith P'ship*, 323 S.W.3d 203,
211 (Tex. App.–El Paso 2010, pet. denied). Generally, only parties in privity to the contract or third
party beneficiaries are entitled to enforce or challenge a contract. *Id.* A plaintiff may not enforce a
contract to which she is not a party. *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002). Specifically,
in the mortgage context, "[c]ourts in this circuit have repeatedly held that borrowers do not have
standing to challenge the assignments of their mortgages because they are not parties to those
assignments." *Metclaf v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-3014-D, 2012 WL 2399369, at *5
(N.D. Tex. June 26, 2012) (collecting cases).

An exception to this general rule applies, however, when an obligor claims that an assignment to which it is not a party is void. *Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 224-25 (5th Cir. 2013); *Puente v. Citimortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012). While it is well-settled in Texas that an obligor cannot defend against foreclosure efforts on grounds that merely render an assignment voidable, it is also well-settled that an obligor may defend on any ground which renders the assignment void. *Reinagel*, 2012 WL 4335997, at *6. A voidable assignment occurs when one or more of the parties to the assignment has the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract. *Calderon v. Bank of America, N.A.*, 941 F. Supp. 2d 753, 765 (W.D. Tex. 2013). For instance, an assignment is voidable in circumstances involving the statute of frauds, fraud in the inducement, lack of capacity as a minor, and mutual mistake. *Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825, 831-32 (S.D. Tex. 2012). An assignment is void when it is completely invalid, meaning the assignee did not have authority under the deed to foreclose. *Puentes*, 2012 WL 4335997, at *6.

Onyekwere challenges the assignment of the deed of trust to BOA on the grounds that the chain of assignments to BOA is incomplete. Doc. 1, Orig. Pet. Ex. B-1 ¶¶ 18-20. He therefore does not allege that the purported assignment to BOA was voidable, but that there is a gap in BOA's chain of title such that BOA cannot establish a right to foreclose. An obligor has standing to challenge the chain of assignments by which a party claims a right to foreclose. *See Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751-55 (N.D. Tex. 2013); *Miller*, 881 F. Supp. 2d at 832 (collecting cases); *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3-*4 (W.D. Tex. Mar. 26, 2012); *Rice v. Bank of New York*, No. 4:11-CV-4220, 2012 WL 3685981, at *2 (S.D. Tex.

Aug. 24, 2012). Indeed, as one court has previously noted, while a plaintiff may not have standing to enforce the terms of an assignment to which he was not a party, he would have standing to challenge the authority of a defendant to foreclose under a note and deed of trust to which the plaintiff was a party. *Preston*, 931 F. Supp. 2d at 755. This is because in the latter case the plaintiff's claims derive from the note and deed of trust and not any related assignments of those instruments. *Id.* Onyekwere therefore has standing to challenge BOA's authority to foreclose.

    2.    <u>Sufficiency of Pleadings to State a Claim for Relief</u>

    BOA maintains that Onyekwere's claims that it lacks authority to foreclose are speculative and that Onyekwere has not pled sufficient facts to trigger BOA's burden to establish its authority to foreclose. Doc. 5, Def.'s Br. 5. Onyekwere insists that he has pled sufficient facts to state a claim such that he is entitled to both injunctive and declaratory relief. Doc. 13, Pl.'s Resp. 4-5.

    To support its argument, BOA points to Texas law concerning non-judicial foreclosures and argues that a mortgage servicer is not required to produce evidence that it is a holder in order to foreclose. Doc. 5, Def.'s Br. 5. It also asserts that a plaintiff who merely questions a putative mortgagee's authority to foreclose does not state a claim. *Id.* As Onyekwere points out, and as BOA implicitly acknowledges, however, these arguments presuppose that Onyekwere has not stated a valid claim for relief. *Id.* at 5-16; Doc. 13, Pl.'s Resp. 4. While a servicer or mortgagee may not be required to prove that they are a holder of a deed in order to foreclose, they must still make out a defense and prove an unbroken chain of assignments transferring to them the right to enforce the note or deed of trust when a plaintiff mortgagor has pled sufficient facts to make out a claim for relief. *Miller v. Homecomings Financial, LLC*, 881 F. Supp. 2d 825, 830 (S.D. Tex. 2012). *See also Preston*, 931 F. Supp. 2d at 751 ("Whether Plaintiffs have the ultimate burden of proof at trial on any of their claims

is irrelevant here because, for purposes of Defendants' Rule 12(b)(6) motion, Plaintiffs have no burden of proof. Rather, the issue is whether Plaintiffs, based on their pleadings, have stated a claim upon which relief can be granted.").

The cited authorities that BOA relies upon to assert that it does not need to demonstrate its authority to foreclose are more geared towards addressing a "show-me-the-note" challenge to its authority. The "show me the note" theory, which has been rejected in this circuit, holds that only the holder of the "original, wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Preston*, 931 F. Supp. 2d at 757. But Onyekwere's claims are broader than that. Onyekwere does not insist that BOA must produce the original note or show that it holds the note before foreclosing, but instead challenges BOA's authority to foreclose on the basis that BOA will be unable to prove "an unbroken chain of assignments transferring to it the right to enforce the Note or the power of sale in the Deed of Trust" and that "the Note and Deed of Trust were not lawfully and timely indorsed, transferred, or assigned to BOA or FANNIE MAE REMIC TRUST 2007-W10." Doc. 1, Orig. Pet. Ex. B-1 ¶¶ 18-19. Onyekwere also pleads in his Petition that "Plaintiff would show that the Official Public Records of Dallas County, Texas do not show how or when BOA purportedly became the current mortgagee." *Id.* ¶ 15. These claims raise a challenge to BOA's authority to foreclose on the basis that BOA did not receive such authority through a proper chain of title, and therefore could state a legitimate claim for relief if supported by sufficient facts.

Onyekwere, however, fails to plead sufficient facts to show that BOA lacked authority to foreclose and that he was therefore entitled to the relief he seeks. A plaintiff may be able to make out a viable claim for wrongful foreclosure or to quiet title by challenging the validity of the chain of title by which a defendant purportedly attained its authority to foreclose. *Miller*, 881 F. Supp. 2d at 829.

-11-

A deed of trust, however, is not required to be recorded as a matter of Texas law, nor is its assignment. *Dallas County v. MERSCORP, Inc.*, No. 3:11-CV-2733-O, 2013 WL 5903300, at *4 (N.D. Tex. Nov. 4, 2013); *Preston*, 931 F. Supp. 2d at 755-56; *Millet*, 2012 WL 1029497, at *3; *Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010). Moreover, "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments." *Cervantes v. U.S. Bank, N.A.*, No. 3:12-CV-0661-D, 2012 WL 1605558, at *3 (N.D. Tex. May 8, 2012).[2] Allegations that a party has not recorded an assignment of a deed of trust therefore does not necessarily mean that it lacked authority to enforce that same deed of trust or to foreclose on the relevant property. At the same time, Onyekwere does not need to prove his case at this stage of the litigation, but can overcome BOA's motion to dismiss merely by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Courts have admittedly split over whether an allegation that there is no public record of an assignment to a foreclosing mortgagee is sufficient to survive a motion to dismiss. *Compare Miller*, 881 F. Supp. 2d at 830-31 *with Cervantes*, 2012 WL 1605558, at *3; *see also Preston*, 931 F. Supp. 2d at 755-56. Based on this case law as well as the pleadings in this case, the Court concludes that Onyekwere's allegations are insufficient to state a cognizable legal claim for relief.

The Court acknowledges that this is a close case, and it recognizes that forcing a plaintiff to plead specific facts with regards to assignments to which it was not a party and for which there is no

---

[2] Although Texas Local Government Code § 192.007 would seem to require parties to record any assignment of a recorded instrument, the Fifth Circuit recently noted that this provision is obscure and is "best read as a procedural directive to county clerks, not a prerequisite to the validity of assignments." *Reinagel*, 735 F.3d at 228 n.27.

public record would seem to impose an impossible burden. Yet the Court's holding does not go that far. Rather, the pleadings here are especially broad and lacking in specifics such that the Court could not reasonably infer that BOA lacks authority to foreclose on the Property. Onyekwere pleads that he "would show that the Official Public Records of Dallas County, Texas do not show how or when Defendant purportedly became the current mortgagee," but pleads no other specific facts to support this claim. Doc. 1-1, Orig. Pet. Ex. B-1 ¶ 15. He specifically does not allege any facts that would imbue the lack of public filings with significance, such as whether the original deed of trust had been recorded, whether the deed had otherwise been assigned and to whom, and who the current mortgagee is if not BOA.[3] Because mortgagees are not obligated to record deeds or their assignments, simply pleading that there is no record of "how or when" the deed was assigned merely creates a suspicion of wrongdoing and is not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555.

Onyekwere asserts additional allegations to show that BOA lacked authority to foreclose and that the foreclosure on the Property was unlawful, but they too are conclusory. For instance, he alleges that the "[n]ote and Deed of Trust were not lawfully and timely indorsed, transferred, or

---

[3]BOA asks that Onyekwere's allegations that (1) the assignment of the Note and Deed of Trust is void and (2) that his own public records search shows no assignment or transfer of the original Note or Deed of Trust, be stricken because they were not referenced in the Original Petition. Doc. 15, Def.'s Reply 2. As to the first allegation of voidness, the Court finds that it can be inferred from the allegations in the Original Petition, and therefore need not be stricken. Regardless, the statement is conclusory and not supported by any facts such that it is insufficient to raise a claim for relief. As to the second allegation, the Court finds that, to the extent that it alleges that plaintiff actually performed a search of the Dallas County records and found no records of assignment to BOA, the Trust, or any other party, then it should be stricken. Though the statement seems similar to the one in Onyekwere's petition, it is much more specific and injects information into his allegations that were not present in his Petition. *Schieroni v. Deutsche National Bank Trust Company*, No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011) (noting that new allegations cannot be raised in response to a motion to dismiss). While this may seem harsh, the Court's decision works little prejudice to Onyekwere because the Court will allow Onyekwere the opportunity to replead his Petition in order to cure any defects.

assigned to BOA or the Fannie Mae Remic Trust 2007-W10" and that "BOA is unable to prove that it or FANNIE MAE REMIC TRUST 2007-W10 owns the Note and an unbroken chain of assignments transferring to it the right to enforce the Note or the power of sale in the Deed of Trust." *Id.* ¶¶ 18-19. These allegations, without any supporting facts to clarify the deficiencies in the transfer, indorsement, or assignment of the deed of trust, or to otherwise indicate a gap in BOA's chain of title, are insufficient to state a claim for relief.

Because Onyekwere pleads no specific facts to establish a claim for relief under Texas law, the Court **DISMISSES** his claims for declaratory and injunctive relief. Because, as the Court noted above, this is a close case, however, the Court will allow Onyekwere an opportunity to replead his claims in order to resolve any defects that the Court has noted.

3.      Action to Quiet Title and Trespass to Try Title

Onyekwere's suit to quiet title similarly fails because none of the facts he alleges are sufficient to show that BOA's claim to the Property is invalid or unenforceable. In Texas, a suit to quiet title, or an action to remove cloud to title, is an equitable cause of action that clears invalid charges against the title to real property. *Davis v. Bank of America,* No. 3:11-CV-3276-B, 2012 WL 2679452, at *3 (N.D. Tex. July 6, 2012) (citing *Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex. App.–Corpus Christi 2001, pet. denied)). To prevail in a suit to quiet title action, a plaintiff must show "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Id.* (citing *Bell v. Bank of America Home Loan Servicing,* No. 4:11-CV-02085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citations omitted)). "Any deed, contract, judgment or other instrument not void on its face which purports to convey any interest in or makes any charge upon the land of a true owner, the invalidity

-14-

of which would require proof, is a cloud upon the legal title of the owner." *Id.* (citing *Best Inv. Co. v. Parkhill*, 429 S.W.2d 531, 534 (Tex. Civ. App.–Corpus Christi 1968, writ dism'd)). "In a suit to quiet title, a plaintiff must also rely on the strength of his or her own title, not the weakness of his or her adversary's title." *Id.* (citing *Fricks*, 45 S.W.3d at 327).

Onyekwere bases his claim to quiet title on the same allegations that BOA lacks authority to foreclose that he relied on to plead his claims for declaratory and injunctive relief. Docs. 13, Pl.'s Reply 5; 1, Orig. Pet. Ex. B-1 ¶ 27. As the Court has stated above, these allegations are not sufficient to support a claim for relief. In relying on these conclusory statements alone, Onyekwere fails to provide any factual support to show that BOA's facially valid claim to title is invalid or unenforceable. The Court therefore **DISMISSES** Onyekwere's action to quiet title, but, again, will allow him the opportunity to replead.

The Court reaches a similar conclusion with regards to Onyekwere's trespass to try title claim. "A trespass to try title action is the method of determining title to lands, tenements, or other real property." TEX. PROP. CODE ANN. § 22.001(a). "In general, the action of trespass to try title is in its nature a suit to recover the possession of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012) (citing *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex. App.–Corpus Christi 1978, no writ)). "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, and (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).

Onyekwere states no facts to show how he has superior title to the Property and has failed

to allege that he has lost possession of the property. He merely alleges that BOA seeks possession of the Property through a forcible detainer suit. Doc. 1-1, Orig. Pet. Ex. B ¶ 21. Accordingly, the Court **DISMISSES** Onyekwere's claim for trespass to try title and will allow him the opportunity to replead.

IV.

CONCLUSION

For the reasons stated above, the Court concludes that Defendant Neindorff was improperly joined because Onyekwere fails to state a claim against him. For the same reasons, the Court **GRANTS** Defendant Carl Neindorff's Motion to Dismiss. Because Onyekwere also fails to state a claim against Defendant BOA on which relief can be granted, the Court **GRANTS** Defendant BOA's Motion for Judgment on the Pleadings. As stated above, however, the Court will allow Onyekwere to replead. Onyekwere's amended pleadings are due **no later than WEDNESDAY, APRIL 17, 2014**.

SO ORDERED.

SIGNED March 18, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

-16-